UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



14CV2755

ANTON PURISIMA,

PLAINTIFF,                    CASE#

VS.

NEW YORK CITY TRANSIT AUTHORITY
and or ("MaBSTOA"); CITY OF NEW YORK
("CITY"); NEW YORK CITY ("MTA");
"LATINA" DOG OWNER ("OWNER OF THE DOG");
(THE "INSTIGATORS"); DOES 1 — 1000,
AU BON PAIN STORE #000 72-3 and or ("LAGUARDIA AU BON PAIN 772A");
LAGUARDIA AIRPORT ADMINISTRATION and or ("LAGUARDIA AIRPORT");
CARE POINT HEALTH; HOBOKEN UNIVERSITY MEDICAL
CENTER; KMART STORE 7749; MD AMY CAGGIULA;
ST. LUKES EMERGENCY DEPT,
                    DEFENDANTS.

VERIFIED
COMPLAINT FOR:
1. PERSONAL INJURY
2. DISCRIMINATION
3. RETALIATION
4. HARASSMENT
5. INTENTIONAL TORT
FRAUD; ATTEMPTED MURDER;
6. INTENTIONAL
   INFLICTION OF
   EMOTIONAL DISTRESS;
8. CONSPIRACY TO DEFRAUD;
9. NATIONAL ORIGIN
   DISCRIMINATION;
   CORRUPT PRACTICES ACTS;
10. CIVIL RIGHTS ACT
    VIOLATIONS;
11. (PUBLIC "ACCOMMODATIONS")
    VIOLATIONS;
12. COVER-UP
    VIOLATIONS; ETC.,

DEMAND FOR JURY TRIAL

## FIRST CAUSE OF ACTION —
## PERSONAL INJURY AGAINST
## ALL DEFENDANTS

1. DEFENDANT NEW YORK CITY
TRANSIT AUTHORITY and or ("MaBSTOA")
IS THE AGENCY and or DEPARTMENT OF THE
CITY OF NEW YORK. RESPONSIBLE (AS
"MANAGER" OF MTA NEW YORK BUS Q32 BUS,
WHERE THE ALLEGED ILLEGAL ACTS HAPPENED).

2. DEFENDANT CITY OF NEW YORK
("CITY") — IS RESPONSIBLE (AS "OWNER") OF MTA NEW YORK CITY BUS Q32
WHERE THE ALLEGED ACTS HAPPENED AS WELL AS DEFENDANT CITY OF
NEW YORK ("CITY") AS OWNER OF Q32 MTA BUS ALLOWED THESE
ILLEGAL ACTS TO HAPPEN INSIDE ITS MTA Q32 BUS WHEREIN THE
ALLEGED DOG-BITE TO PLAINTIFF ANTON PURISIMA'S MIDDLE-RIGHT-
FINGER WAS CONDUCTED BY ITS PASSENGERS IN CONSPIRACY WITH ITS
CODEFENDANTS HEREIN, PURSUANT TO INFORMATION AND BELIEF, THEREFORE

= PAGE ONE

PLAINTIFF ALLEGES HEREIN.

3. DEFENDANT NEW YORK CITY ("MTA"), IS RESPONSIBLE AS (A "PLACE AND PROVIDER OF PUBLIC ACCOMMODATIONS) AS WELL AS IS RESPONSIBLE AS AN "AGENCY NAME" THAT MANAGES THE PLACE OF THE INCIDENT OF ITS BUS Q 32 ROUTE MTA BUS WHERE THE INCIDENT OF "DOG BITE" TO PLAINTIFF'S MIDDLE RIGHT FINGER HAPPENED ON ITS Q 32 BUS, IN CONSPIRACY WITH THE ALLEGED ACTS OF ITS CODEFENDANTS HEREIN. DEFENDANT NEW YORK CITY ("MTA") IS THEREFORE RESPONSIBLE THE SAME ACTS AS ITS CODEFENDANT # ONE (1) HEREIN, (AS "CONSPIRATOR AND INSTIGATOR") OF THESE ILLEGAL ACTS ON ITS Q 32 BUS.

4. DEFENDANT "LATINA" DOG OWNER ("OWNER OF THE DOG"), IS RESPONSIBLE AS THE ALLEGED OWNER OF THE DOG THAT BIT PLAINTIFF'S MIDDLE-RIGHT-FINGER ON Q 32 NEW YORK CITY MTA BUS ON OCTOBER 2013. DEFENDANT "LATINA" DOG OWNER ("OWNER OF THE DOG") AS OWNER OF THE ALLEGED DOG REFUSED TO PROVIDE INFORMATION ABOUT THE ALLEGED DOG THAT IS INFECTED WITH RUBIES PURSUANT TO INFORMATION AND BELIEF THEREFORE, PLAINTIFF ALLEGES HEREIN. ON OR ABOUT OCTOBER 2013, DEFENDANT ("OWNER OF THE DOG") IN CONSPIRACY OF HER ALLEGED ("PROTECTOR") and ("INSTIGATORS") CONDUCTED THE ACTS OF HER RUBIES INFECTED DOG TO BITE PLAINTIFF'S MIDDLE-RIGHT-FINGER THAT CAUSES "CUT and BLEEDING" OF PLAINTIFF'S MIDDLE RIGHT FINGER. AFTER THESE ACTS OF DOG-BITE THAT CAUSED BLEEDING BLOOD OF PLAINTIFF'S FINGER, DEFENDANTS HEREIN IN CONSPIRACY WITH THE ("RUBIES INFECTED DOG OWNER") REFUSED TO PROVIDE "THE INFORMATION TO PLAINTIFF" ABOUT HER DOG and EXITED THE ALLEGED Q 32 MTA NYC BUS, AS INSTRUCTED BY HER (ALLEGED "HANDLERS") THAT WERE INSIDE THE ALLEGED BUS, WITH HER, AND EXITED WITH HER AT 61st STREET and ROOSEVELT AVENUE BUS STOP, THESE ACTS OF DEFENDANTS HEREIN, LEAVING PLAINTIFF WITHOUT THE INFORMATION CAUSED MORE PAIN AND SUFFERING, IN ADDITION TO THE ALLEGED DOG-BITE. THESE ACTS OF DEFENDANTS HEREIN CONSTITUTED CAUSE OF ACTION ALLEGED ABOVE, THEREFORE, (CAUSED "PRICELESS DAMAGES")

= PAGE TWO

TO PLAINTIFF HEREIN: THE ALLEGED "OWNER OF THE DOG" IS HEREBY SUED INDIVIDUALLY, HEREIN.

5. DEFENDANTS (THE "INSTIGATORS") and DOES 1 — 1000, WERE and (ARE "CONSPIRATORS") AS WELL (AS "INSTIGATORS") OF THESE ACTS ALLEGED, THEREFORE, RESPONSIBLE TO ALL THESE ILLEGAL ACTS ALLEGED HEREIN. THESE WERE and ARE UNNAMED DEFENDANTS HEREIN, FOR THESE, PLAINTIFF ANTON PURISIMA WILL AMEND THIS COMPLAINT IF THESE DEFENDANTS ARE KNOWN TO HIM AS THESE INDIVIDUALS WERE and ARE RESPONSIBLE TO ALL CAUSE OF ACTION AND DAMAGES ALLEGED.

6. PLAINTIFF ANTON PURISIMA, IS (A "FILIPINO — AMERICAN") AS WELL AS (A "PASSENGER OF Q32 MTA BUS," OWNED BY AND OPERATED AND MANAGED BY DEFENDANTS ONE (1) — FIVE (5) (PARAGRAPHS)) HEREIN. PLAINTIFF ANTON PURISIMA'S RACE and NATIONAL —ORIGIN AS A FILIPINO — AMERICAN WAS and IS USED AS BASIS BY DEFENDANTS HEREIN INORDER TO DO THESE ILLEGAL ACTS ALLEGED ABOVE.

7. PLAINTIFF NOTIFIED PARTIES DEEMS RESPONSIBLE PRIOR TO FILING THIS ACTION, EXCEPT THOSE ISSUES THAT PROHIBITED HIM TO ACT. OTHERWISE, PLAINTIFF CONDUCTED ALL ACTS NEEDED IN HIS CASE PRIOR TO FILING THIS ACTION. PLAINTIFF ATTACHED HEREWITH TRUE COPIES OF THE FOLLOWING DOCUMENTS MARKED AS "EXHIBITS," INORDER TO INCORPORATE AND TO SUPPORT ALL CAUSE OF ACTION ALLEGED AND TO SUPPORT ALL HIS STATEMENTS, ARGUMENTS, CAUSE OF ACTION, AND DAMAGES ALLEGED IN THIS ACTION.

8. PLAINTIFF INCORPORATES ALL ATTACHMENTS, ALL EXHIBITS ATTACHED IN HIS "PERSONAL INJURY CLAIM FORM," Dated, notarized, and filed on JANUARY 08, 2014 WITH THE COMPTROLLER'S OFFICE, NYC.; AND TO SUPPORT THIS ACTION HEREIN, HEREBY INCORPORATES THE ABOVE DOCUMENT HEREIN. AS WELL AS TO SUPPORT ALL CAUSE OF ACTION and DAMAGES ALLEGED.

9. PLAINTIFF INCORPORATES THE LETTER DATED: FEB. 09, 2014 NOTARIZED ON: FEB. 10, 2014 and FILED ON: FEB. 12, 2014 and MAILED by and through CERTIFIED MAIL # 7013 2250 0001 5562 7541 ON: FEBRUARY 2014 (MAILED)

= PAGE THREE OF 15 =

HEREIN, AND TO SUPPORT THEREOF.

10. PLAINTIFF INCORPORATES THE LETTER DATED: MAR. 10, 2014, notarized on: MAR. 10, 2014 and filed ON: MAR. 10, 2014 WITH NYC COMPTROLLER'S OFFICE as well as MAILED by and through CERTIFIED MAIL # 7012 2920 0001 9727 7929, ON: MAR. 11, 2014 ADDRESSED TO: INVESTIGATION BUREAU, LAW DEPARTMENT, 10Th. FLOOR, 130 LIVINGSTON STREET, BROOKLYN, NEW YORK 11201. AND TO SUPPORT THEREOF.

<u>SECOND CAUSE OF ACTION</u> —
TO
<u>TWELVETh CAUSES OF ACTIONS</u>
<u>AGAINST</u>
<u>ALL DEFENDANTS</u>

11. PLAINTIFF INCORPORATES ALL CAUSES OF ACTION ALLEGED ABOVE HEREIN and TO SUPPORT THEREOF.

12. PLAINTIFF INCORPORATES PARAGRAPHS 1 — 11 ABOVE.

14. ON OR ABOUT OCTOBER 09, 2013, GOING THROUGH EACH INCIDENT and or ISSUE ALLEGED HEREIN and CONTINUING TO THE PRESENT TIME, DEFENDANTS HEREIN CONSPIRED THEIR ACTS AND BASIS THEIR CONSPIRACY AGAINST PLAINTIFF ANTON PURISIMA'S RACE, NATIONAL—ORIGIN as a FILIPINO—AMERICAN, PLAINTIFF'S MEDICAL DISABILITY AS WELL AS RETALIATION ACTS DUE TO "PRIOR FILINGS OF DISCRIMINATION CHARGES BY PLAINTIFF IN RELATED CASE# 09—CV—3502 (NGG)(LB)(PURISIMA VS. TIFFANY ENTERTAINMENT, et. al.) and OTHER RELATED CASES HEREIN," AS WELL AS THEREIN IN EACH CASE AND OR DISCRIMINATION FILED AGAINST THESE DEFENDANTS AND THEIR CODEFENDANTS HEREIN. PURSUANT TO INFORMATION AND BELIEF THEREFORE, PLAINTIFF ALLEGES HEREIN AND THESE ACTS BY DEFENDANTS HEREIN IS CONTINUING THEREFORE, THE DAMAGES TO PLAINTIFF HEREIN IS CONTINUING AS WELL.

= PAGE FOUR OF 18 =

15. ON OR ABOUT OCTOBER 09, 2013, AND CONTINUING, DEFENDANTS HEREIN IN CONSPIRACY WITH THEIR CODEFENDANTS IN RELATED CASES THEREIN AS WELL AS INSTRUCTED BY (THEIR "INSTIGATORS") and ar CODEFENDANTS HEREIN CONSPIRED THEIR ACTS TO INFLICT RETALIATION AGAINST PLAINTIFF ANTON PURISIMA FOR FILING DISCRIMINATION CASES OR CHARGES AGAINST (THESE "DEFENDANTS") IN THESE RELATED CASES ALLEGED. DEFENDANTS ACTS HEREIN WERE AND ARE BASED ON THE RACE and NATIONAL-ORIGIN OF PLAINTIFF AS FILIPINO-AMERICAN.

## ADDITIONAL DEFENDANTS

16. DEFENDANT AU BON PAIN STORE # 000 723 and OR ("LAGUARDIA AU BON PAIN 722 A"), IS RESPONSIBLE AS AN EMPLOYER OF ITS INDIVIDUAL EMPLOYEES IN THE ALLEGED STORE. (THE "ACTS") OF THESE ALLEGED AU BON PAIN EMPLOYEES WERE AND ARE IN CONSPIRACY WITH ACTS TO DEFRAUD PLAINTIFF ANTON PURISIMA HEREIN, (BY "KNOWINGLY OVER-CHARGING") PLAINTIFF OF HIS COFFEE, EVERY-TIME PLAINTIFF BUYS HIS ALLEGED COFFEE IN THAT ALLEGED AU BON PAIN STORE AT LA GUARDIA AIRPORT, NEW YORK. PURSUANT TO INFORMATION AND BELIEF THEREFORE, PLAINTIFF ALLEGES HEREIN, (THESE "ACTS") DID NOT HAPPEN TO OTHER PATRONS/OR OTHER PEOPLE BUT THESE REPEATED OVER-CHARGING-ACTS-TO-PLAINTIFF'S COFFEE, EVERY-TIME HE BUYS HIS COFFEE ("TWO-TIMES"), OR ("THREE-TIMES") OR MORE EXPENSIVE THAN OTHER PATRONS' COFFEE, COMPARED. PURSUANT TO INFORMATION AND BELIEF, THESE ACTS BY DEFENDANTS HEREIN WERE AND ARE DONE, DUE TO PLAINTIFF ANTON PURISIMA'S RACE and NATIONAL ORIGIN AS FILIPINO-AMERICAN, THESE ACTS BY DEFENDANTS HEREIN WERE CONDUCTED BECAUSE OF PLAINTIFF'S RACE AND NATIONAL ORIGIN

AND DUE TO THESE ALLEGED EMPLOYEES OF DEFENDANT AU BON PAIN TOGETHER WITH OTHER EMPLOYEES AT LAGUARDIA AIRPORT WERE AND ARE CORRUPTED BY ("THESE "CHINESE INDIVIDUALS") PURSUANT TO INFORMATION AND BELIEF THEREFORE, PLAINTIFF ALLEGES HEREIN BY ("THESE "AGENTS") OF DEFENDANTS IN CASE # 09-CV-3502(NGG)(LB) (PURISIMA VS. TIFFANY ENTERTAINMENT, et. al.). THESE ACTS CONDUCTED BY THESE PERSONNEL AT LAGUARDIA AIRPORT AGAINST PLAINTIFF ANTON PURISIMA HEREIN WERE THE CONTINUING RETALIATION ACTS CONDUCTED BY DEFENDANTS IN ALLEGED RELATED CASE THROUGH ("THEIR "AGENTS") WHO ACTED (AS "INSTIGATORS") OF THESE ACTS AGAINST PLAINTIFF HEREIN, THEREFORE, THESE DEFENDANTS IN PARAGRAPH #16 and PARAGRAPH #17 ALLEGED HEREIN WERE and ARE RESPONSIBLE OF ALL THESE ILLEGAL ACTS AND CAUSE OF ACTION ALLEGED.

17. DEFENDANT LAGUARDIA AIRPORT ADMINSTRATION ("LAGUARDIA AIRPORT") IS RESPONSIBLE AS ALLEGED ABOVE, THEREFORE, RESPONSIBLE TO ALL THESE ILLEGAL ACTS ALLEGED HEREIN and therefore responsible to all these Damages alleged herein as well. Plaintiff incorporates all exhibits attached herewith and Cause of Action alleged herein and to support thereof. DEFENDANT HEREIN ("WAS AND IS USED" BY THEIR CODEFENDANTS) IN ALLEGED RELATED CASE TO RETALIATE AGAINST PLAINTIFF HEREIN TO DENY PLAINTIFF OF (SERVICES OF "PUBLIC ACCOMMODATIONS") EVEN WHEN THE ALLEGED PLACE (IS A PLACE AS WELL AS PROVIDER OF PUBLIC ACCOMMODATIONS PLAINTIFF HEREIN WAS AND IS DENIED, CORRUPTED, HARASSED,

= PAGE SIX OF 15 =

RETALIATED AGAINST OF THESE PUBLIC ACCOMMODATIONS SERVICES ALLEGED ABOVE, DENIED OF SERVICES DUE TO HIM, REFUSED TO GET DRINKS THAT HE PAID FOR, OVER—CHARGED—KNOWINGLY—BY—EMPLOYEES AT LAGUARDIA AIRPORT, HARASSED REPEATEDLY, EVEN WHEN PLAINTIFF REPORTED THE ALLEGED INCIDENTS TO THE AUTHORITIES and THE ADMINISTRATION AT LAGUARDIA AIRPORT, PLAINTIFF HEREIN WAS AND IS DENIED OF SERVICES AND INVESTIGATION AS WELL AS PLAINTIFF HEREIN WAS AND IS INSULTED VERBALLY BY (THE "EMPLOYEES") AT LAGUARDIA AIRPORT. ON OR ABOUT MARCH 2014, PLAINTIFF WAS PLUGGING HIS ELECTRIC (SMALL—RICE—COOKER) OUT—SIDE—ELECTRIC—OUTLET (SAME PLACE WHERE PLAINTIFF CHARGED HIS CLOCK). PLAINTIFF HEREIN WAS STOPPED BY THE OPERATIONS' MANAGER (AIRPORT MANAGER OF LAGUARDIA) TOGETHER WITH HIS EMPLOYEES EMPLOYEES AND ASSISTANTS. ("I HAVE BEEN DOING THESE COOKING FOR MORE OR LESS ONE (1) YEAR, WHY ONLY STOP ME NOW?").

ADDITIONALLY, I WAS ALLOWED BY THE PORT AUTHORITY POLICE ("ALL OF THEM") because I provided my identification and showed these police the alleged rice cooker. That it was safe to cook—rice—on—the—rice—cooker (By just plugging it in "ANY" the "electrical outlet" inside or outside the building is SAFE) AS WELL (AS "EVERY RESTAURANT INSIDE THE ALLEGED AIRPORT THAT NEEDS RICE IN THEIR RESTAURANT, USED THE SAME RICE—COOKER, "These Restaurants even used 'BIG—RICE—COOKER." Pursuant to information and belief, therefore, Plaintiff alleges herein, these Defendants' ACTS herein were and are corrupted and ("mitigated") by the alleged "ACTS OF RETALIATION and CONSPIRACY" BY THESE ALLEGED "AGENTS" OF DEFENDANTS IN RELATED CASES PENDING IN U.S.D.C., EASTERN DISTRICT OF NEW YORK (EDNY) CASE#09-CV-3502-(NGG)(LB) (PURISIMA VS. TIFFANY ENTERTAINMENT, et. al.), SEVERAL CASES CONSOLIDATED INTO ONE ABOVE CASE, AS ORDERED, PURSUANT TO INFORMATION AND BELIEF, THEREFORE, PLAINTIFF ALLEGED HEREIN. ADDITIONALLY, PLAINTIFF HEREIN INFORMED THE ALLEGED HONORABLE COURT THAT PLAINTIFF ANTON PURISIMA HEREIN WAS AND IS FOLLOWED

BY THESE ALLEGED "AGENTS" TO PLAINTIFF's USUAL PLACES HE HANGS-OUT, AND PLACES OF BUSINESSES HE GOES TO, LIKE COPY CENTERS, LIBRARIES, BUS STATIONS, CASINOS, TRAIN STATIONS as well as what Buses and or Trains plaintiff was and is RIDING as well as places plaintiff herein was and is RESTING, these (alleged "AGENTS") OF DEFENDANTS (FROM "THESE PENDING CASES" ALLEGED) KNOWS WHERE PLAINTIFF HEREIN GOES IN CERTAIN TIME and PLACE of any single DAY. Additionally, plaintiff herein was watching these Chinese individuals ( MAN OR A WOMAN, OR TOGETHER (Man & woman) that I do not know these individuals were and are taking pictures of myself I could be walking on the street or sitting at Bus Terminals (Bus Stations), at Train waiting stations, or at Airports waiting area or food court area or T.V. area (waiting area) these chinese individuals and or Combination (chinese or non-Chinese individuals) were and are taking pictures of myself while I was at these alleged places of Businesses. These were and are my own PERSONAL OBSERVATION as I was personally watching them actually taking pictures of myself REPEATEDLY while I was at these above places as well as pursuant to information and belief therefore, plaintiff alleges herein, THESE ALLEGED INDIVIDUALS ABOVE TAKING PICTURES OF MYSELF WITHOUT MY PERMISSION, WERE and (ARE "AGENTS") OF THESE ALLEGED DEFENDANTS HEREIN AS WELL AS THEREIN FROM THESE PLAINTIFF's PENDING CASES.

ON OR ABOUT OCTOBER 12, 2013, DURING PLAINTIFF's MEDICAL SCHEDULED APPOINTMENT AT ST. LUKES EMERGENCY ROOM (E.R.) HOSPITAL, AS SCHEDULED IN FOR PLAINTIFF's SECOND (2nd.) RUBIES SHOT, PLAINTIFF WAS FOLLOWED FROM THE BUS — TO THE BUS STOP — and TO THE EMERGENCY ROOM ENTRANCE OF ST. LUKES E.R. HOSPITAL, A CHINESE COUPLE TAKING PICTURES OF PLAINTIFF, BEFORE GOING INSIDE E.R. ROOM. PLAINTIFF DOES NOT KNOW THESE INDIVIDUALS AND DID NOT PERMIT THESE PEOPLE TO TAKE HIS PICTURES.

18. PURSUANT TO INFORMATION AND BELIEF DEFENDANTS HEREIN ACTED IN CONSPIRACY TO VIOLATE PLAINTIFF'S RIGHTS AS WELL AS DEFENDANTS' ACTS HEREIN WERE AND ARE INTENDED TO RETALIATE AGAINST PLAINTIFF ANTON PURISIMA FOR FILING DISCRIMINATION CHARGE AND OR FOR FILING HIS PRIOR DISCRIMINATION CASES, related cases herein. Pursuant to information and belief therefore, plaintiff alleges herein that plaintiff's (information and "as believed,") these acts by Defendants herein were and are conducted only against plaintiff herein but these Defendants were and are good to others who were and are their own RACE, pursuant to information and belief therefore alleged herein by Plaintiff Anton Purisima;

UPON PLAINTIFF'S INFORMATION AND BELIEF, (ALL "PATRONS" WITH THE SAME RACES WITH THESE EMPLOYEES AT LA GUARDIA AIRPORT, INCLUDING THOSE WHO BASICALLY LIVED THERE and are not even "PATRON" RECEIVE GOOD TREATMENTS and given "free fees" and free stuff and were allowed to do illegal things but plaintiff herein and his race were and are treated bad by Defendants herein.

PUNITIVE AND EXEMPLARY DAMAGES

19-A. DEFENDANTS' ACTS OF ALL ILLEGALITIES ALLEGED HEREIN AND THESE DEFENDANTS ACTED WITH MALICE, FRAUD, OR OPPRESSION ENTITLING PLAINTIFF TO PUNITIVE DAMAGES AND EXEMPLARY DAMAGES.
20-A.   DEFENDANTS' ACTED AND OR ("ACTS") OF FRAUD, ATTEMPTED MURDER CORRUPTION, AND OTHER INTENTIONAL TORT ACTS, DISCRIMINATION, RETALIATION,

page 9

17. THE TRUE NAMES AND CAPACITIES SUED AS DOES ARE UNKNOWN TO PLAINTIFF BUT BELIEVED RESPONSIBLE FOR THE ACTS AND DAMAGES ALLEGED.

18. PLAINTIFF HAS PERFORMED ALL OBLIGATIONS TO DEFENDANTS EXCEPT THOSE OBLIGATIONS PLAINTIFF WAS PREVENTED OR EXCUSED FROM PERFORMING.

19. PLAINTIFF HAS FILED "PERSONAL INJURY CLAIM FORM," ON JANUARY 08, 2014 AS WELL AS FILED (A "BACK-UP") LETTERS TO SUPPORT THE ALLEGED "P. I. CLAIM FORM" ON FEBRUARY 09, 2014 and ON MARCH 10, 2014 PURSUANT TO SECTION 1212 OF THE PUBLIC AUTHORITIES LAW AND SECTION 50-e OF THE GENERAL MUNICIPAL LAW, THEREFORE, PLAINTIFF INCORPORATES THE ABOVE DOCUMENTS HEREIN AND TO SUPPORT THEREOF.

20. JURISDICTION OF THIS COURT IS BASED ON VIOLATIONS OF PLAINTIFF'S RIGHTS PROTECTED BY UNITED STATES CONSTITUTION, VIOLATIONS OF PLAINTIFF ANTON PURISIMA'S RIGHTS PRESCRIBED UNDER TITLE II OF THE CIVIL RIGHTS ACT 42 U.S.C. SECTION 2000 a et. seq.; AND OR DEFENDANTS' ACTS HEREIN ARE IN VIOLATION OF THE "PUBLIC ACCOMMODATIONS" TITLE II OF THE CIVIL RIGHTS ACT OF 1964, WHEREIN THE LOCATIONS OF THE INCIDENTS ALLEGED HEREIN, THAT SAID LOCATION OWNED AND ADMINISTERED BY DEFENDANTS HEREIN, WHEREIN SUCH PLACE IS A "PLACE and PROVIDER" OF PUBLIC ACCOMMODATIONS," PRESCRIBED UNDER TITLE II VIOLATIONS OF THE CIVIL RIGHTS ACT OF 1964, THAT THESE ACTS HEREIN BY THESE DEFENDANTS WERE AND ARE INSTIGATED BY THE ACTS OF DEFENDANTS IN RELATED CASES ALLEGED ABOVE, THEREFORE, ALL THESE ACTS BY DEFENDANTS HEREIN CONSTITUTED (AS "RETALIATION ACTS AGAINST PLAINTIFF HEREIN "), PURSUANT TO INFORMATION AND BELIEF THEREFORE, PLAINTIFF ALLEGED HEREIN. THAT THE ALLEGED

INCIDENT HAPPENED WHILE PLAINTIFF HEREIN WAS AND IS (A "PASSENGER") OF DEFENDANTS' MTA BUS Q 32, THEREFORE, UNDER "PUBLIC ACCOMMODATIONS" PRESCRIBED UNDER TITLE II OF THE CIVIL RIGHTS ACT OF 1964 AS RETALIATION UNDER TITLE II ; VIOLATION UNDER TITLE VI: THESE ACTS BY DEFENDANTS HEREIN VIOLATED PLAINTIFF's RIGHTS GUARANTEED BY THE U.S. CONSTITUTION, PRESCRIBED UNDER 42 U.S.C. SECTION 2000 a-2 AS WELL AS PLAINTIFF's RIGHTS SECURED BY SECTION 2000 a-1 WERE and ARE VIOLATED BY DEFENDANTS' ACTS HEREIN. PURSUANT TO INFORMATION AND BELIEF THEREFORE, PLAINTIFF ALLEGES HEREIN THESE ACTS BY DEFENDANTS HEREIN CONSTITUTED, ADMITTED ACTS, AS WELL AS (THE "ACTS OF VIOLATIONS") TO EVERY CAUSE OF ACTION ALLEGED ABOVE AND DAMAGES ALLEGED   HEREIN. THEREFORE, (EVERY "MEANING AND APPLICABILITY") OF EACH CAUSE OF ACTION ALLEGED ABOVE IS TO INCORPORATE HEREIN, TO INCORPORATE and to support to every cause of ACTION alleged by PLAINTIFF ANTON PURISIMA HEREIN. THEREFORE, PLAINTIFF REQUESTS THIS HONORABLE COURT, "SUA SPONTE," TO CITE THE APPLICABLE CASE LAW HEREIN.

## STATEMENT OF FACTS

21. PLAINTIFF INCORPORATES PARAGRAPH 1-20 ABOVE.
22. PLAINTIFF INCORPORATES HIS "PERSONAL INJURY CLAIM FORM," FILED: JANUARY 08, 2014, and his TWO (2) LETTERS: DATED: FEB. 09, 2014 and DATED: MAR. 10, 2014, HEREIN AND TO SUPPORT THEREOF.
23. ON OR ABOUT OCTOBER 09, 2013, INSIDE MTA Q 32 BUS OF DEFENDANTS HEREIN, DEFENDANTS HEREIN CONSPIRED and RETALIATED AGAINST PLAINTIFF ANTON PURISIMA

8

FOR FILING DISCRIMINATION CASES, COMPLAINTS, AND OR FOR FILING DISCRIMINATION CHARGE AGAINST DEFENDANTS IN HIS PRIOR CASES ALLEGED, DEFENDANTS HEREIN USED THE ACTS ALLEGED ABOVE TO VIOLATE OR VIOLATED PLAINTIFF'S RIGHTS ALLEGED. DEFENDANTS' ACTS HEREIN (AS "INSTIGATED") BY THE ACTS of CONSPIRACY WITH THEIR CODEFENDANTS IN RELATED CASES ALLEGED ABOVE CONSTITUTED PAIN AND SUFFERING, LOST TIME, ATTEMPTED MURDER, FRAUD, DISCRIMINATION, DISCRIMINATION TO NATIONAL ORIGIN, CONSPIRACY TO DEFRAUD, RETALIATION, VIOLATIONS OF TITLE II OF CIVIL RIGHTS ACT OF 1964, VIOLATION OF PLAINTIFF's MEDICAL DISABILITY, PERSONAL INJURY TO PLAINTIFF's PERSON, HARASSMENT, INTENTIONAL TORT, CORRUPT PRACTICES ACT INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, CIVIL RIGHTS ACT VIOLATIONS PUBLIC ACCOMMODATIONS VIOLATION, COVER-UP VIOLATIONS, 440 CIVIL RIGHTS VIOLATIONS, THESE ACTS BY DEFENDANTS WERE and ARE CONSOLIDATED INTO ALLEGED DOG-BITE WITH RABIES INFECTED DOG IN CONSPIRACY BY DEFENDANTS HEREIN TO TRAIN^ED AND ALLOWED THE RABIES INFECTED DOG TO BITE^ PLAINTIFF'S MIDDLE RIGHT FINGER, INSIDE NYC, MTA Q 32 BUS, BY (THESE "SKILLFUL ACTS") OF DEFENDANTS HEREIN, PURSUANT TO INFORMATION AND BELIEF THEREFORE, PLAINTIFF ALLEGES HEREIN. DUE TO THESE ACTS BY DEFENDANTS HEREIN AGAINST PLAINTIFF ANTON PURISIMA, CAUSED DAMAGES TO PLAINTIFF's RIGHTS THAT IS "PRICELESS," CANNOT BE REPAIRED BY MONEY THEREFORE PRICELESS.

page 12

9

## PRAYER

24. THUS, PLAINTIFF PRAYS FOR:

    1. PLAINTIFF's DAMAGES IN APPROXIMATE AMOUNT OF: TWO THOUSAND DECILLION DOLLARS. ($2,000,000,000,000,000,000,000,000,000,000,000.$\frac{00}{XX}$);

    2. PUNITIVE AND EXEMPLARY DAMAGES;

    3. INJUNCTIVE RELIEF — TBA;

    4. COSTS OF SUIT INCLUDING ATTORNEYS FEES;

    5. SUCH OTHER RELIEF AS THE COURT DEEMS PROPER.

DATED: APRIL 10,   2014.
    NEW YORK, NEW YORK.

RESPECTFULLY SUBMITTED,

ANTON PURISIMA,
PLAINTIFF PRO SE
390 9Th. AVENUE,
NEW YORK, NEW YORK 1000.
E-MAIL:

Page 14

## DONATION

25. PLAINTIFF HEREBY DONATING FORTY-FIVE-PERCENT (45%) OF THE PROCEEDS OF HIS CASE HEREIN TO HIS COUNTRY, THE UNITED STATES OF AMERICA (U.S.A.), AS A GUARANTEE TO PROTECT THE FUNDAMENTAL RIGHTS OF ALL AMERICANS, AND INORDER TO STRENGHTEN AND EQUIP THE U.S. ARMED FORCES AS WELL AS FOR RESEARCH EXPENSES FOR U.S. MILITARY.

DATED: APRIL 10,    2014
        NEW YORK, NEW YORK.

RESPECTFULLY SUBMITTED,

ANTON PURISIMA,
PLAINTIFF, PRO SE
DONOR

## ATTACHED EXHIBITS
## TO
## INCORPORATE IN THIS ACTION

26. PLAINTIFF INCORPORATES THE ATTACHED EXHIBITS AND TO SUPPORT EVERY CAUSE OF ACTION ALLEGED HEREIN AND TO SUPPORT EVERY PAGE IN THIS ACTION, IN PLAINTIFF'S CASE.

A. PICTURE OF THE WOUND OF THE ALLEGED DOG-BITE OF PLAINTIFF'S MIDDLE-RIGHT-FINGER. This Picture was taken by Cell-phone     on OCTOBER 09, 2013, after the alleged Dog-Bite and was sent by E-MAIL TO PLAINTIFF'S E-MAIL @ acpurisima@HOTMAIL.COM. With Document information of the alleged

Page 15

DOG BITE INCIDENT ON OCTOBER 09, 2013.
MARKED AS EXHIBIT "ONE." other clearer picture attached
to "Personal Injury Claim form," filed on Jan. 08, 2013.

B. formerly lost letter, (I found it).

Letter dated: february 19, 2014 "notice to Appear for
oral examination," from new York City Transit Authority,
LAW Department.
MARKED AS EXHIBIT "TWO."
C. Letter dated: march 10, 2014, " from Plaintiff

Anton Purisima.
MARKED AS EXHIBIT "THREE."

D. Personal Injury claim form, filed on
January 08, 2014 complete with attachments when
filed as well as mailed but the "Law Department"
of NYC, MTA returned the alleged Document without
the attachments. Plaintiff herein is hereby filing
this "Incomplete - Returned    'PERSONAL INJURY CLAIM FORM,'"
as exhibit in this action.
MARKED AS EXHIBIT "FOUR."

E. Letter, dated: february 09, 2014 from
Plaintiff Anton Purisima. "Response to Jan. 17, 2014 letter.
MARKED AS EXHIBIT "FIVE."

F. EMERGENCY ROOM, medical Record of Plaintiff
(ROOSEVELT) ST. LUKE'S E.R. (Instruction after the E.R.
Visit at St. Luke's) on OCTOBER 09, 2013 (DOG-BITE, INCIDENT).
The alleged attachments Documents to "Personal Injury claim Form"
is hereby marked at EXHIBIT "SIX" HEREIN, FILED ON JAN. 08, 2014.

page 16

# VERIFICATION

THE MATTERS STATED IN VERIFIED COMPLAINT ARE TRUE EXCEPT THOSE MATTERS WHICH ARE STATED ON INFORMATION AND BELIEF AND AS TO THOSE MATTERS, I BELIEVED THEM TO BE TRUE.

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE STATE OF NEW YORK THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND BELIEF, AND THAT THIS DECLARATION WAS EXECUTED ON MARCH 26, 2014, IN THE CITY OF NEW YORK, NEW YORK.

DATED: APRIL 10, 2014          BY: _____
NEW YORK, NEW YORK.

ANTON PURISIMA,
PLAINTIFF, PRO SE

ACP

ACP

page 17

14

## ADDITIONAL PARTIES

27. DEFENDANT CARE POINT HEALTH, IS (THE "OWNER" and "ADMINISTRATOR") THAT MANAGES DEFENDANT HOBOKEN UNIVERSITY MEDICAL CENTER (HOBOKEN UMC). PURSUANT TO INFORMATION AND BELIEF THEREFORE, PLAINTIFF ALLEGES HEREIN THAT DEFENDANT ("CARE POINT HEALTH") WAS AND IS A PARTY IN (ALL "THESE ACTS") BY DEFENDANTS HEREIN, PARTICIPATED THEREFORE IN EVERY CONSPIRACY TO THE ALLEGED "DOG-BITE-TO-PLAINTIFF's - MIDDLE-RIGHT-FINGER-BY-RABIES-INFESTED-DOG," OWNED BY DEFENDANTS HEREIN BECAUSE (EACH "ACT" IS THE ACTS OF ALL DEFENDANTS HEREIN DUE TO (THESE "CONSPIRACY ACTS") BY DEFENDANTS IN THIS ACTION, THEREFORE, DEFENDANT CARE POINT HEALTH IS RESPONSIBLE TO ALL THESE CAUSE OF ACTION, AND DAMAGES ALLEGED.

28. DEFENDANT HOBOKEN UNIVERSITY MEDICAL CENTER, IS AN EMERGENCY ROOM ACTED AS (A "PLACE AND PROVIDER") OF PUBLIC ACCOMMODATIONS AS MEDICAL FACILITY THAT PLAINTIFF HEREIN SEEKED HELP FOR   HIS PAINS IN HIS RIGHT ARM AND HIS BODY AS WELL AS HIS SWOLLEN RIGHT-ELBOW AND SO MUCH PAIN AS WELL,    DUE TO DOG-BITE ON OR ABOUT OCTOBER 09, 2013 "BY THE RABIES INFESTED DOG." DEFENDANT HOBOKEN UNIVERSITY MEDICAL CENTER AS WELL DID NOT ADDRESS THE MAIN ISSUES OR CONCERNS OF PLAINTIFF IN GOING TO DEFENDANTS' EMERGENCY ROOM (E.R.) OCT. 14, 2013, THAT PLAINTIFF HEREIN WAS GIVEN TWO (2) SHOTS (TWO INJECTIONS) DURING HIS SCHEDULED APPOINTMENT ON OCTOBER 12, 2013 AT ST. LUKES EMERGENCY ROOM (HIS SECOND SHOT FOR RABIES TREATMENT). DEFENDANT (HOBOKEN, UMC") HEREIN ACTED (AS "CORRUPTOR") and at well (AAS "INSTIGATOR") OF THESE ILLEGAL ACTS CONDUCTED BY ITS EMPLOYEES THEREIN AGAINST PLAINTIFF ANTON PURISIMA, PURSUANT TO INFORMATION AND BELIEF THEREFORE, PLAINTIFF ALLEGES HEREIN THESE ACTS BY DEFENDANTS HEREIN WERE AND (ARE "INSTIGATED") BY (THE "AGENTS") OF DEFENDANTS IN (RELATED "CASES") HEREIN, THEREFORE THESE DEFENDANTS FROM THESE ALLEGED RELATED

= PAGE EIGHTEEN OF

CASES INTO THIS ACTION. THEREFORE, DEFENDANT HOBOKEN UNIVERSITY MEDICAL CENTER (HOBOKEN "UMC") IS RESPONSIBLE IN THE ACTS OF CONSPIRACY, CORRUPTION, ATTEMPTED MURDER, (AND "OTHER ILLEGAL ACTS ALLEGED"), TOGETHER WITH ITS CODEFENDANTS HEREIN. THEREFORE, RESPONSIBLE TO ALL THESE CAUSE OF ACTION AND DAMAGES ALLEGED IN THIS CASE.

29. DEFENDANT KMART STORE 7749, IS A COMPANY STORE WHO SELLS KNOWINGLY DEFECTIVE PUSH-CART TO PLAINTIFF ANTON PURISIMA IN CONSPIRACY AS INSTIGATED BY THE ACTS OF "AGENTS" OF DEFENDANTS IN RELATED CASE #09-CV-3502 (NG6)(LB) (PURISIMA VS. TIFFANY ENTERTAINMENT, et. al.) PENDING BEFORE THE U.S. DISTRICT COURT IN BROOKLYN, NEW YORK, PURSUANT TO INFORMATION AND BELIEF THEREFORE, PLAINTIFF ALLEGES HEREIN. (THESE "SELLING INCIDENTS") TO PLAINTIFF HEREIN IN CONSPIRACY BY (THE "ACTS") OF DEFENDANTS HEREIN IN THE FORM OF OR THROUGH ACTS OF RETALIATION and DISCRIMINATION AGAINST PLAINTIFF HEREIN BY AND THROUGH (THE "EMPLOYEES OF      DEFENDANT KMART STORE 7749") AS INSTIGATED BY THE ALLEGED "AGENTS" OF DEFENDANTS IN THE ALLEGED RELATED CASE TO CONDUCT THESE ACTS OF RETALIATION, HARASSMENT, DISCRIMINATION, DISCRIMINATION TO NATIONAL ORIGIN OF PLAINTIFF, FILIPINO-AMERICAN, PUBLIC ACCOMMODATIONS VIOLATION OF PLAINTIFF AS RIGHTS TO DEFENDANTS' PLACE and (at "a PROVIDER") OF PUBLIC ACCOMMODATIONS OBLIGATIONS TO PLAINTIFF BY DEFENDANTS HEREIN WERE AND ARE VIOLATED THROUGH CONSPIRACY AND RETALIATION ACTS INSTIGATED BY DEFENDANTS HEREIN AND THEIR CODEFENDANTS IN THE ALLEGED RELATED CASE ABOVE AGAINST PLAINTIFF ANTON PURISIMA HEREIN, PURSUANT TO INFORMATION AND BELIEF THEREFORE, PLAINTIFF ALLEGES HEREIN. FOR THESE REASON, DEFENDANT KMART STORE IS RESPONSIBLE       TO ALL THESE ACTS ALLEGED, ALL CAUSE OF ACTION ALLEGED HEREIN, THEREFORE, RESPONSIBLE TO ALL DAMAGES ALLEGED BY PLAINTIFF IN THIS ACTION. ADDITIONALLY, (THESE "ACTS") OF DEFENDANTS HEREIN WERE AND ARE PART (OF "GLOBAL CONSPIRACY") TO SELL KNOWINGLY DEFECTIVE PRODUCTS TO ALL AMERICANS and to EVERY COUNTRY AROUND THE WORLD THAT SUPPORTED AMERICAN ENTEREST OR SUPPORTED THE U.S.A., IN ORDER TO

= PAGE NINETEEN OF

DAMAGE THESE COUNTRIES AND ITS PEOPLE, PURSUANT TO INFORMATION AND BELIEF THEREFORE ALLEGED HEREIN. THIS (ALLEGED "DEFECTIVE PUSH-CART") PRODUCT SOLD TO PLAINTIFF HEREIN (AND "REFUSED TO CHANGE OR REFUND") CONSTITUTED (AS "ACTS") OF FRAUD, CORRUPTION, CONSPIRACY AS WELL AS DEFENDANTS (HEREIN "USED THE RACE, and NATIONAL-ORIGIN" OF PLAINTIFF) HEREIN AS THEIR BASIS TO CONDUCT THESE ACTS OF DISCRIMINATION AGAINST PLAINTIFF ANTON PURISIMA IN DEFENDANTS' PLACE OF BUSINESS AS (A "PLACE AND PROVIDER") OF PUBLIC ACCOMMODATIONS UNDER TITLE II OF THE CIVIL RIGHTS ACT OF 1964 (THE "ACT"), WERE AND ARE VIOLATED BY THESE ALLEGED ACTS BY DEFENDANTS HEREIN. THIS ALLEGED INCIDENT WAS INITIALLY FILED AT "SMALL CLAIMS COURT," DURING PROCEEDING COURTDATE PLAINTIFF HEREIN ASKED AN ADJOURNMENT INORDER TO TRANSFER PLAINTIFF'S CLAIM TO THIS COURT AS (THE "ALLEGED INCIDENTS" AS WELL AS ACTS OF DEFENDANTS IN THESE INCIDENTS HEREIN WERE AND (ARE "INTERCONNECTED"), INSTIGATED BY THE "AGENTS" OF DEFENDANTS IN RELATED CASE # 09-CV-3502 (NG6) (LB) (PURISIMA VS. TIFFANY INTERTAINMENT, et. al.), PURSUANT TO INFORMATION AND BELIEF THEREFORE, PLAINTIFF ALLEGED HEREIN. THE ACTS OF THESE DEFENDANTS IN ADDITION TO THE ABOVE AND AS PART OF (THEIR "ACTS OF RETALIATION AND CONSPIRACY TO DAMAGE PLAINTIFF ANTON PURISIMA HEREIN"), DUE TO THESE INCIDENTS THAT KEPT HAPPENING. THESE CONTINUING, ACTS OF RETALIATION CONDUCTED BY DEFENDANTS HEREIN AGAINST PLAINTIFF ANTON PURISIMA AS ALLEGED ABOVE AND PURSUANT TO INFORMATION AND BELIEF THEREFORE, PLAINTIFF ALLEGES HEREIN.
DUE TO TIME LIMITATIONS AS WELL AS (THE "STATUTES OF LIMITATIONS") OF THESE INCIDENTS ALLEGED, PLAINTIFF HEREIN IS COMPELLED TO STOP IN THIS ISSUE ("INORDER") TO FILE THIS COMPLAINT, BUT PLAINTIFF HEREIN WILL FILE AN "AMENDED COMPLAINT" HEREIN BY THE TIME HE GATHERED ALL FACTS AND EVIDENCE IN THIS ACTION.

EXHIBIT "FOUR"
for: "P.I. Claim form"
&


EXHIBIT "ONE"
for: COMPLAINT


* Email Communication
w/ Two (2) Pictures
(one is Picture of the Dog-bite-
wound, and sheet information
about the incident
on 10/09/2013).


ALP

please note: Plaintiff herein incorporates this
exhibit to every page of this
complaint.

ALP

Search email | New | Reply | Delete    Archive    Junk    Sweep    Move to    Categories    Dog bite report pegny    ruff edward julian

## Folders

**Inbox**  9106

**Junk**  64

Drafts  52

Sent

Deleted

New folder

ruff edward julian (ruff_julian@yahoo.com)    Ad
To: acpurisima@hotmail.com

Ruff Julian
Sign up

2 attachments (total 2021.3  Outlook.com Active View    Already on Facebook?

Download        Download

View slide show (2)    Download all as zip

Sent from Yahoo! Mail on Android

Content from
© 2014 Microsoft    Terms    Privacy & cookies    Developers    Learn more  |  Turn off

*EXHIBIT "one"*

EXHIBIT "TWO"

ACR

* Letter from :
  New York City Transit Authority
  Law Department
  Dated : Feb. 19, 2014

* To Incorporate herein.