UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTON PURISIMA,

                Plaintiff,

      -against-

NEW YORK CITY TRANSIT AUTHORITY, ET AL.,

                Defendants.

14-CV-2755 (LAP)

ORDER OF DISMISSAL

LORETTA A. PRESKA, Chief United States District Judge:

      Plaintiff, appearing *pro se,* brings this action under Title II of the Civil Rights Act of 1964 ("Title II"), 42 U.S.C. § 2000a *et seq.*, alleging that Defendants discriminated and retaliated against him. By order dated May 22, 2014, the Court granted Plaintiff's request to proceed *in forma pauperis*. The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

      The Court has the authority to screen *sua sponte* an IFP complaint at any time and must dismiss the complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

      Plaintiff, who identifies himself as a Filipino-American, brings this action alleging violation of his rights with respect to several incidents. He alleges that on or about October 9,

2013, while on a Q32 bus, he was bitten on his middle right finger by a dog, causing him to bleed. (Complaint ¶¶ 2-4.) Plaintiff alleges that the City of New York and the New York City Transit Authority are responsible for the bite because the incident happened on a bus that they own and operate. (*Id*. ¶ 2.) Plaintiff also sues the "Latina Dog Owner" for the dog's actions and because she refused to provide information about the dog, which was allegedly infected with rabies. (*Id*. ¶ 4.) Plaintiff alleges that instead of providing information, the Latina Dog Owner exited the bus as instructed by her "handlers." (*Id*.) Plaintiff alleges a conspiracy among the defendants and attributes the alleged events to discrimination on the basis of his race, national origin, and disability, and retaliation because of his "prior filings of discrimination charges" in *Purisima v. Tiffany Entm't*, No. 09-CV-3502 (NGG) (LB), a case pending in the United States District Court for the Eastern District of New York, and other related cases. (*See id*. ¶¶ 5-6, 14-15.)

Plaintiff also assert claims arising out of unrelated events that occurred in an Au Bon Pain store at LaGuardia Airport. He alleges a conspiracy by Au Bon Pain and its employees to defraud him. (*Id*. ¶ 16.) Plaintiff claims that every time he buys coffee at Au Bon Pain he is overcharged at a rate two to three times more than other customers and attributes the overcharging to his race and national origin. (*Id*.) Plaintiff also claims retaliation, alleging that the employees of Au Bon Pain are "corrupted" by "Chinese individuals" who are agents of the defendants in *Purisima v. Tiffany Entm't*, No. 09-CV-3502 (NGG) (LB). (*Id*.)

Plaintiff also brings claims against LaGuardia Airport Administration because the airport is responsible for the alleged discriminatory and retaliatory acts that occurred on its premises. (*Id*. ¶ 17.) He claims that although he has repeatedly reported that he was denied services and was harassed and insulted in a place of public accommodation, LaGuardia Airport has failed to

act and instead has taken part in the allegedly illegal acts. (Id.) Plaintiff alleges that on or about March 2014, he was stopped by an airport manager and other employees from plugging in his small electric rice cooker in the same outlet that he had charged his clock. (*Id*.) Plaintiff alleges that Defendants' actions were prompted by retaliatory motives in connection with his case in the Eastern District. (*Id*.) Plaintiff also asserts that LaGuardia Airport's employees have discriminated against him on the bases of his race and national origin. (Id. ¶ 18.)

Plaintiff brings this action alleging that Defendants have discriminated against him in violation of Title II, and he seeks $2,000,000,000,000,000,000,000,000,000,000,000,000 (two undecillion dollars) in damages.

Plaintiff also names several other Defendants but fails to allege any facts against them. He also attaches to the complaint various documents, including letters concerning his efforts to get the dog bite incident investigated, medical care records, and financial information from his bank.

## DISCUSSION

Under the *in forma pauperis* statute, a court must dismiss a case if it determines that the action is frivolous or malicious. 28 U.S.C. §1915(e)(2)(B)(i). A claim is "frivolous when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston*, 141 F.3d at 437 (internal quotation marks and citation omitted). A court has "no obligation to entertain pure speculation and conjecture." *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (finding as frivolous and baseless allegations that set forth a fantastical alternative history of the September 11, 2001 terrorist attacks).

Plaintiff purportedly brings this complaint under Title II, which provides that:

> All persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations, as defined in this section, without discrimination or segregation on the ground of race, color, religion, or national origin.

42 U.S.C. § 2000a(a).  Plaintiff alleges that Defendants discriminated against him on the basis of his race and national origin but fails to allege facts that state a Title II claim.  The incidents that Plaintiff relates to the Court – the dog bite on the Q32 bus, overcharging by employees of Au Bon Pain, and being stopped by employees of LaGuardia Airport from cooking in the rice cooker – do not suggest that Defendants' discriminated against Plaintiff because he is Filipino-American.  *See Lizardo v. Denny's, Inc.*, 270 F.3d 94, 104 (2d Cir. 2001).  Because Plaintiff alleges no facts suggesting that the alleged incidents that he describes were in any way motivated by animus based on his race or national origin, he fails to allege a plausible discrimination claim under Title II.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Similarly, the Court can give no credence to Plaintiff's retaliation and conspiracy claims.  Because Plaintiff fails to allege any causal connection between Defendants' actions and his pending case in the Eastern District, the Court cannot reasonably infer retaliatory intent from his conclusory allegations.  *See Mt. Healthy School Dist. v. Doyle*, 429 U.S. 274, 287 (1977); *Dawes v. Walker*, 239 F.3d 489, 492 (2d Cir.2001); *Hynes v. Squillace*, 143 F.3d 653, 657 (2d Cir.1998).  Likewise, Plaintiff's claims of a conspiracy are vague, conclusory, and unsupported by plausible facts.  *See Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir. 1997).

The Court, after reviewing Plaintiff's complaint, finds that it lacks any arguable basis in law or in fact.  *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Plaintiff's factual allegations rise to the level of the irrational and there is no legal theory on which he may rely.  *See Livingston*, 141 F.3d at 437.  Plaintiff's complaint must therefore be dismissed for failure to state

a claim and as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i), (ii). In deference to Plaintiff's *pro se* status, the Court would normally direct Plaintiff to amend his complaint, but the Court finds that the complaint cannot be cured with an amendment. Where an amendment would be futile, leave to amend is not required. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy to Plaintiff, and note service on the docket. Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), (ii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: June 9, 2014
New York, New York

*Loretta A. Preska*
LORETTA A. PRESKA
Chief United States District Judge